IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STEPHEN TALBOTT, JR.; KRISTIN WEBB;
SHARON OAKES; ERICA ROBERTS;
LISA McLELLAN; STACEY D. KIRKSEY;
CALLIE GRAY-BOBBITT; GENNIFER GENO;
and BETH MAROON,

Plaintiffs,

vs.                                                              Case No. 3:06cv378/MCR/MD

LAKEVIEW CENTER, INC.,

Defendant.
_____/

**CONSENT PROTECTIVE ORDER GOVERNING
PRODUCTION OF CONFIDENTIAL INFORMATION**

IT IS HEREBY ORDERED, pursuant to Rule 26(c), Federal Rules of Civil Procedure, and as consented to and jointly submitted by the parties, as follows:

1. Purposes of This Consent Protective Order

(a)  Preparation and trial of this action may require the discovery of certain confidential or proprietary information.  The parties desire to litigate this action without jeopardizing their business and commercial interests, and the public's interest, in the confidentiality of this information, and therefore have agreed to this Consent Protective Order to protect against unauthorized disclosure of such information and to ensure that such information will be used solely in the preparation for hearings and the trial of this action.

(b)  This Consent Protective Order governs the handling of confidential, proprietary, nonpublic, and/or sensitive documents and other materials produced, provided, or obtained in the above-captioned proceeding (hereinafter referred to as "the Litigation") and restricts the use of

these documents and materials in any other lawsuit predicated upon or in which the use of the documents and other materials produced, provided, or obtained in the Litigation may be attempted.

(c) This Consent Protective Order is entered for purposes of facilitating discovery in the Litigation, and establishes: (i) the means by which parties may designate and identify documents and other materials they contend are "Confidential" and/or, under certain circumstances, "For Counsel and Experts Only"; (ii) the means and manner in which such documents and other materials are to be handled, accessed, disclosed, disposed, and destroyed at the end of the Litigation; and (iii) the procedure(s) by which parties may enforce and/or challenge the designation, identification, or handling of such documents or other materials.

(d) This Consent Protective Order will not be construed to adjudicate the actual confidential, non-public, and/or sensitive nature of any documents or other materials. A party's agreement to the entry of this Consent Protective Order, the party's acceptance of any designation of documents, materials, or testimony as "Confidential – Subject to Protective Order" or "For Counsel and Experts Only" as directed below, or the party's compliance with this Consent Protective Order do not constitute an admission that such information is in fact confidential. Furthermore, the designation of such information as "Confidential – Subject to Protective Order" or "For Counsel and Experts Only" as directed below shall have no evidentiary significance unless the Court determines otherwise upon application or motion of a party.

2. Designation as "Confidential"

(a) The parties may designate as "Confidential" for purposes of this Consent Protective Order any documents, answers to interrogatories, deposition testimony, and/or other

2

materials that they believe in good faith contain confidential, sensitive, non-public information and/or personal information regarding current or former employees or business practices and operations; that they reasonably believe is not generally known by, or broadcast to, the public; and that they reasonably believe is of a sensitive nature that could cause competitive harm if disclosed to any other persons or entities. The parties shall accomplish this designation by clearly marking each page of such documents or materials with the words "Confidential – Subject to Protective Order" (including, as applicable, those documents and materials with the additional designation of "For Counsel and Experts Only") such that the designation does not impair the legibility the words or content of the document or material being produced, and by notifying opposing counsel of the document number or other identifying information pertaining to the designated document or material. All documents and materials so identified shall be subject to this Consent Protective Order.

(b) Documents and/or other materials designated as "Confidential – Subject to Protective Order" obtained through this Litigation shall be used solely in connection with and for purposes of this Litigation as provided in this Consent Protective Order, subject to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and other applicable law. Such purposes shall include, among other things, use in conjunction with testimony and as exhibits at trial, use in conjunction with motions, hearings, depositions, or witness testimony, and use in preparation for trial or any motion, hearing, deposition, or other proceeding connected with the Litigation. Such use shall be subject to the restrictions of this Order. Disclosure of documents or other materials designated as "Confidential – Subject to Protective Order" beyond the restrictions of this Consent Protective Order may occur only with the express written consent of the party who produced the documents or other materials or his/her/its counsel of record in the Litigation, or as

required by law or by order of any court of competent jurisdiction (subject to opposition by any party to the Litigation).

(c) Documents and other materials designated as "Confidential – Subject to Protective Order" shall not be published, circulated, disclosed, delivered, or made available to anyone who is not a "Qualified Person" as defined in subparagraph (d) below, except as specifically provided herein.  The parties expressly are not permitted under this Consent Protective Order to publish, circulate, disclose, deliver, or make available any documents or other materials designated as "Confidential" obtained in the Litigation to members of the press or media.  In the event a party and/or his/her/its counsel of record determine(s) in good faith that it is necessary for purposes of the Litigation to disclose any documents or other materials designated as "Confidential – Subject to Protective Order" to a person (other than a member of the press or media) who is not a Qualified Person as defined in subparagraph (d)(i) below, such party or counsel must first require such person to read this Order and agree, by executing an undertaking in the form of "Exhibit A" attached hereto, as follows: (i) to be bound by the terms of this Order; (ii) not to disclose, deliver, or make available documents or other materials designated as "Confidential – Subject to Protective Order" to anyone other than a Qualified Person; and (iii) to use documents or other materials designated as "Confidential – Subject to Protective Order" solely for the purposes of the Litigation.  Executed documents evidencing such an undertaking shall be retained by the party or attorney who discloses, delivers, or makes available the documents or other materials designated as "Confidential – Subject to Protective Order" to the person and shall be turned over to the other party's attorney at his or her request within three (3) months after the conclusion of the Litigation (after a final order of the Court and after all appeal rights have expired) or as otherwise ordered by the Court or agreed by the parties.

(d) "Qualified Person" as used in this Order means:

(i) The parties (including, with respect to an entity, the entity's directors, officers, and management employees whose assistance or cooperation is necessary for preparation of the entity's case) and their designated representatives and attorneys of record in the Litigation, other attorneys employed by or consulting with the attorneys of record for purposes of the Litigation, and other employees and/or consultants of such attorneys to whom it is reasonably necessary that documents and other materials designated as "Confidential – Subject to Protective Order" be shown for purposes of the Litigation, provided counsel shall not show such documents and other materials to any such person (including a party) unless counsel reasonably believes it is necessary to do so for legitimate purposes in the Litigation;

(ii) Experts (other than attorneys), consultants, or independent contractors employed or retained by a party in the Litigation or its counsel actually working on the Litigation to advise or assist such party or its counsel in connection with the Litigation, such as physicians, psychiatrists, psychologists, physical or mental health consultants, statisticians, economists, or other experts, including staff and support personnel to whom it is necessary that information designated as "Confidential" or "Confidential – Subject to Protective Order" be shown for purposes of assisting in such preparation and including outside copying services and other vendors retained by the parties' attorneys to assist in the copying, imaging, handling or computerization of documents or materials;

(iii) Custodians and/or authors of documents or other materials designated as "Confidential – Subject to Protective Order";

(iv) Any person who is being questioned in a trial, hearing, or deposition in the Litigation who is reasonably believed to have specific knowledge about the information

contained in the documents or other materials designated as "Confidential – Subject to Protective Order";

(v) A court reporter recording, reporting, and transcribing any depositions or proceedings in the Litigation; and

(vi) Any other person who is designated as a Qualified Person by agreement of the parties or by order of the Court. The parties will be expected to confer in good faith and not to withhold consent to the designation of a person as a Qualified Person without legitimate reason.

3. Designation as "For Counsel and Experts Only"

(a) The parties may additionally designate as "For Counsel and Experts Only" for purposes of this Consent Protective Order such documents, data, and other materials that they believe in good faith contain information of such a confidential or sensitive nature as to pose a significant risk of (i) undue harm to the business or personal reputation of any individual or entity (whether or not a party to the Litigation); (ii) unnecessary disclosure of trade secrets, proprietary or commercial information, competitive business information, or statutorily confidential information; or (iii) unnecessary disclosure of private or personal information that is of little or no relevance to claims or defenses in the Litigation.  The parties may effectuate such additional designation by clearly marking such documents or materials with the words "For Counsel and Experts Only" and/or by notifying opposing counsel of the document number or other identifying information concerning the document or material. All documents and materials so identified shall be subject to the special restrictions of this paragraph 3.

(b) Documents and/or other materials designated as "For Counsel and Experts Only" obtained through the Litigation shall be used solely in connection with and for purposes of this

Litigation as provided in this Consent Protective Order, subject to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and other applicable law. Such purposes shall include, among other things, use in conjunction with testimony and as exhibits at trial, use in conjunction with motions, hearings, depositions, or witness testimony, and use in preparation for trial or any motion, hearing, deposition, or other proceeding connected with the Litigation. Such use shall be subject to the restrictions of this Order. Disclosure of documents or other materials designated as "For Counsel and Experts Only" beyond the restrictions of this Order may occur only with the express written consent of the party who produced the documents or other materials or his/her/its counsel of record in the Litigation, or as required by law or by order of any court of competent jurisdiction (subject to opposition by any party to the Litigation).

    (c) Subject to the provisions of subparagraph (d) and paragraph 5 below, documents and other materials designated as "For Counsel and Experts Only" shall not be published, circulated, disclosed, delivered, or made available by any party obtaining such documents or other materials through the Litigation to anyone except:

    (i) to the Court in accordance with the terms and conditions set forth herein;

    (ii) to counsel for a party in the Litigation (including in-house counsel for a party entity) actually working on the Litigation, and to paralegals, legal assistants, and secretaries working for such counsel actually working on the Litigation;

    (iii) to experts, consultants, or other independent contractors employed or retained by a party in the Litigation or its counsel actually working on the Litigation to advise or assist such party or its counsel in connection with the Litigation, including staff and support personnel to whom it is necessary that information designated as "For Counsel and Experts Only" be shown for purposes of assisting in such preparation and including outside copying services and

7

other vendors retained by the parties' attorneys to assist in the copying, imaging, handling or computerization of documents or materials, ***provided that*** (except where such disclosure is made in the course of a trial, deposition, or other proceeding subject to paragraph 5 below), such party or counsel must first require such expert, consultant, or independent contractor, and staff and support personnel, to read this Order and agree, by executing an undertaking in the form of "Exhibit B" attached hereto, as follows: (a) to be bound by the terms of this Order; (b) not to disclose, deliver, or make available documents or other materials designated as "For Counsel and Experts Only" to any other person; and (c) to use documents or other materials designated as "For Counsel and Experts Only" solely for the purposes of the Litigation. Executed documents evidencing such an undertaking shall be retained by the party or attorney who discloses, delivers, or makes available the documents or other materials designated as "For Counsel and Experts Only" to the expert consultant, or independent contractor (or staff and support personnel) and shall be turned over to the other party's attorney at his or her request within three (3) months after the conclusion of this Litigation (after final order of the Court and after all appeal rights have expired) or as otherwise ordered by the Court;

   (iv) to court reporters and custodians and/or authors of documents or other materials designated as "For Counsel and Experts Only," ***provided that*** such party or counsel must first require such custodian and/or author to read this Order and agree, by executing an undertaking in the form of "Exhibit B" attached hereto (except where such disclosure is made in the course of a trial, deposition, or other proceeding subject to paragraph 5 below); and

   (v) to witnesses testifying at trial, hearing, or deposition in the Litigation who are reasonably believed to have specific knowledge about the information contained in the

documents or other materials designated as "For Counsel and Experts Only," subject to the requirements of paragraph 5 below.

(d) When filing or submitting as exhibits or supporting evidence with pleadings or other papers for filing with the Court any documents or other materials designated as "For Counsel and Experts Only," a party or its counsel that has obtained such documents or other materials through this Litigation shall file such documents or other materials "under seal" with the Court in the same manner in which records of attorney's fees are filed with the Court. Any party objecting to the filing of the documents under seal may file a motion with the Court requesting that the Court make the documents part of the public record. If a document is not designated as "For Counsel and Experts Only," then the document is not required to be initially filed or submitted under seal, and the provisions of paragraph 6(a) below remain in force for the filing under seal of any information or documents subject to this Consent Protective Order.

4. Later Designation

To the extent a party has produced or disclosed documents or other materials during the course of the Litigation not designated as "Confidential – Subject to Protective Order" and/or "For Counsel and Experts Only" at the time of production or disclosure, that party may designate such documents or other materials as provided in this Consent Protective Order by notifying in writing each of the other parties in the Litigation. Each recipient of such notification then promptly shall stamp or mark the documents or other materials according to such notification and shall notify all others to whom the recipient has conveyed the documents or information of the designation. Once notified, each recipient shall treat the documents or other materials in accordance with the terms of this Consent Protective Order as if they had been so designated before the production or disclosure. This Consent Protective Order shall not operate as a waiver

9

by any party of any objection to producing or disclosing any documents, information, or other materials, nor shall it operate as a waiver by any party of any objection to entry of any document or other material into evidence at trial or in any other proceedings in the Litigation on grounds other than those addressed in this Consent Protective Order.

5. Designations in Transcripts

If certain deposition testimony is to be designated as "Confidential – Subject to Protective Order" and/or "For Counsel and Experts Only":

(a) The attorney for the party making the designation shall advise the court reporter that certain deposition testimony is "Confidential – Subject to Protective Order" and/or "For Counsel and Experts Only"; identify for the court reporter which portions of the deposition testimony are so designated; and direct the court reporter to separately transcribe and mark the designated portions accordingly; or

(b) The attorney for the party making the designation shall advise the opposing party's attorney in writing within thirty (30) business days after receipt of a deposition transcript that certain portions (identified by page and line numbers) are "Confidential – Subject to Protective Order" or "For Counsel and Experts Only."

(c) Pending any specific designation made pursuant to Sections 5(a) and 5(b) above, but not longer than the thirty (30) business days after receipt of a deposition transcript, the entire transcript of a deposition shall be treated as "Confidential – Subject to Protective Order" or "For Counsel and Experts Only" as designated during the deposition unless otherwise agreed in writing by the parties.

6. Use at Trial, Hearings, and Depositions

(a) To the extent documents or other materials designated as "Confidential – Subject to Protective Order" and/or "For Counsel and Experts Only" are used or disclosed at depositions or other pretrial testimony in the Litigation, portions in which such documents or other materials are used or disclosed shall be conducted with only those persons in attendance who are authorized under this Consent Protective Order to have access to such documents or other materials.  Such portions of testimony may be designated "Confidential – Subject to Protective Order" and/or "For Counsel and Experts Only" and, in such event, shall be subject to the terms of this Consent Protective Order.  Otherwise, this Consent Protective Order does not limit use of documents or other materials designated as "Confidential – Subject to Protective Order" and/or "For Counsel and Experts Only" at trial or at any scheduled hearing or deposition in this Litigation except as set forth expressly herein.  Nevertheless, the parties reserve the right to object to the production or use of any such documents or materials for any reason grounded upon the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence.  Further, the parties reserve the right to petition the Court in advance, under limited circumstances as set forth by the Court, to file documents or other materials "under seal" or to petition the Court to seal records of the Litigation containing documents or other materials designated as "Confidential" or "For Counsel and Experts Only."  The parties also reserve the right to seek additional protective order(s) if the need arises.

(b)  Nothing in this Consent Protective Order shall be deemed to prevent the parties' attorneys as part of their discovery and investigation in this matter from questioning, to the extent permitted by the Rules of Civil Procedure, any Qualified Person who might reasonably be

11

expected to have knowledge or information about topics that are discussed in "Confidential – Subject to Protective Order" or "For Counsel and Experts Only."

7.  Objections to Designation

Any party to this Litigation who maintains an objection to the designation of any documents or information as "Confidential – Subject to Protective Order" or "For Counsel and Experts Only" shall notify in writing the party that made the designation of the objection. If the objecting party seeks to challenge the designation, the objecting party shall confer with the designating party and attempt in good faith to resolve the disagreement on an informal basis. If the parties are unable to informally resolve in good faith the disagreement within ten (10) business days of the receipt of the written objection by the designating party, the objecting party may apply to the Court for appropriate relief. The Court may resolve the dispute upon *in camera* inspection of the documents or other materials designated "Confidential – Subject to Protective Order" or "For Counsel and Experts Only." Until the Court rules on any such application, the documents or other materials in question shall be treated as if the designation were valid and subject to the terms of this Consent Protective Order. Failure by any party to object or challenge the designation of any documents or other materials as "Confidential – Subject to Protective Order" or "For Counsel and Experts Only" shall not constitute a waiver of the right to object or challenge  the designation at a later time.

8.  Documents and Other Materials of Non-Parties

Persons or entities who are not parties to this Litigation who are requested or compelled to produce documents or other materials in the Litigation also may designate such documents and other materials as "Confidential – Subject to Protective Order" and/or "For Counsel and Experts Only" under the terms of this Consent Protective Order, subject to the same procedures

and limitations as applied to the parties, provided that such third party acknowledges his/her/its agreement in writing to be bound by the terms of this Consent Protective Order and to submit to the jurisdiction of this Court with respect to issues of interpretation, enforcement, and application. Otherwise, such party may submit a separate proposed Consent Protective Order or otherwise petition this Court for a separate protective order or other appropriate relief.

9. Return or Destruction After Conclusion of Litigation

Within ninety (90) days after the date that this action is concluded, whether by a final adjudication on the merits from which there is no right of appeal or by other means, each party to whom documents and material designated as "Confidential – Subject to Protective Order" and/or "For Counsel and Experts Only" has been produced shall, at the election and direction of the producing party, either:

(a) Return all documents and materials, and copies of the documents and materials, designated as "Confidential – Subject to Protective Order" and/or "For Counsel and Experts Only" (including but not limited to copies of such information in the possession, custody, or control of any expert or employee) to the producing party; or

(b) Promptly destroy all such documents and materials, and copies of the documents and materials. Additionally, the party to whom such information was produced shall provide written certification to the producing party that such information was returned or destroyed in accordance with this Section 9.

10. Intentional Violations

In the event any party is deemed by the Court to have intentionally violated the terms of this Consent Protective Order, that party may be subject to a finding of contempt and to such penalties, fines, sanctions, and/or other relief deemed appropriate by the Court.

11. Modification of the Agreement.

In the event of further proceedings in this action, if any of the parties hereto believe that this Consent Protective Order unreasonably impedes discovery to a party or the use of information discovered from a party for purposes of this Litigation, or provides insufficient protection regarding discovery materials produced by a party, such party may serve notice upon the parties and request the Court to modify this Consent Protective Order.

13. Protection of Copies.

All copies, extracts or summaries prepared from confidential materials produced hereunder shall be subject to the same terms of this Consent Protective Order as the properly designated confidential material from which such properly designated copies, extracts, or summaries were prepared.

14. Notices.

Notice required under this Consent Protective Order shall be in writing and provided to the attorneys for the parties listed below.  Notice to the parties shall be adequate if given solely to the parties' counsel of record.

15.  Continued Application

This Consent Protective Order shall continue to be binding after the conclusion of the Litigation, except that the parties may by subsequent agreement or stipulation modify or dissolve this Consent Protective Order at any time during or after completion of the Litigation.  The Court retains jurisdiction over the parties for enforcement of this Consent Protective Order during and after conclusion of the Litigation.

DONE AND ORDERED this 20th day of March, 2007, in Chambers at Pensacola, Escambia County, Florida.

                                                                                                                                          *s/ M. Casey Rodgers*
                                                          **M. CASEY RODGERS**
                                                          **United States District Judge**

CONSENTED TO BY this 16th day of March, 2007:

| | |
|---|---|
| /s/ Sean Culliton[1] | /s/ Ralph A. Peterson |
| SEAN CULLITON | RALPH A. PETERSON |
| Florida Bar No. 0986232 | Florida Bar No. 303021 |
| SEAN CULLITON, ESQ., LLC | BEGGS LANE LLP |
| 249 Pinewood Drive | 501 Commendencia Street (32502-5915) |
| Tallahassee, Florida 32303 | P.O. Box 12950 |
| Telephone:    (850) 385-9455 | Pensacola Florida 32591-2950 |
| Telefacsimile: (850) 906-9455 | Telephone:    (850) 432-2451 |
| Sean.Culliton@gmail.com | Telefacsimile: (850) 469-3331 |
| | rap@beggslane.com |
| and | |
| | Attorneys for Defendant |
| /s/ John C. Davis[1] | |
| JOHN C. DAVIS | |
| Florida Bar No. 827770 | |
| LAW OFFICE OF JOHN C. DAVIS | |
| 623 Beard Street | |
| Tallahassee, FL  32303 | |
| Telephone:    (850) 222-4770 | |
| Telefacsimile: (850) 222-3119 | |
| Jdavis623@earthlink.net | |

Attorneys for Plaintiffs

---

[1] Messrs. Culliton and Davis have authorized Mr. Peterson to use their CM/ECF signatures for filing of this joint report.

EXHIBIT "A"
IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STEPHEN TALBOTT, JR.; *et al.*,

Plaintiffs,

vs.                                                             Case No. 3:06cv378/MCR/MD

LAKEVIEW CENTER, INC.,

Defendant.
_____ /

AGREEMENT CONCERNING DOCUMENTS
DESIGNATED AS "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER"

Having read the CONSENT PROTECTIVE ORDER in the above-captioned action, the undersigned hereby acknowledges and agrees that he or she understands its terms and restrictions and agrees to be bound thereby. The undersigned further agrees not to reveal information designated as "Confidential – Subject to Protective Order" to anyone other than a Qualified Person as defined in Paragraph 2(d) of the CONSENT PROTECTIVE ORDER and agrees to use information designated as "Confidential – Subject to Protective Order" solely for the purposes of the above-captioned proceeding (hereinafter referred to as the "Litigation") and not for any other lawsuit predicated upon or in which there might be use of any of the documents and other materials produced, provided, or obtained in the above-captioned proceeding.

By executing this Agreement, the undersigned further agrees to submit to the personal jurisdiction of the United States District Court for the Northern District of Florida for purposes of enforcement, interpretation, or challenge of this Agreement and/or the CONSENT PROTECTIVE ORDER.

_____   _____
Signature                                                   Date

_____
Name (printed)

16

# EXHIBIT "B"
## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

STEPHEN TALBOTT, JR.; *et al.*,

Plaintiffs,

vs.     Case No. 3:06cv378/MCR/MD

LAKEVIEW CENTER, INC.,

Defendant.
_____/

## AGREEMENT CONCERNING DOCUMENTS
## DESIGNATED AS "FOR COUNSEL AND EXPERTS ONLY"

Having read the CONSENT PROTECTIVE ORDER in the above-captioned action, the undersigned hereby acknowledges and agrees that he or she understands its terms and restrictions and agrees to be bound thereby. The undersigned represents that he or she is an expert, consultant, or independent contractor employed or retained by a party in the above-captioned proceeding the above-captioned proceeding (hereinafter referred to as the "Litigation"), or by a party's counsel or attorney actually working on the Litigation, to advise or assist such party or its counsel in connection with the Litigation; or is a custodian and/or the author of materials to be reviewed pursuant to this Agreement. In accordance with the terms of the CONSENT PROTECTIVE ORDER, the undersigned agrees not to reveal documents or other materials designated as "For Counsel and Experts Only" to anyone other than staff members and support personnel to whom it is necessary that such documents or other materials be shown for purposes of assisting in preparation of the case, and agrees to use information designated as "For Counsel and Experts Only" solely for the purposes of the Litigation and not for any other lawsuit predicated upon or in which there might be use of any of the documents and other materials produced, provided, or obtained in the above-captioned proceeding.

17

By executing this Agreement, the undersigned further agrees to submit to the personal jurisdiction of the United States District Court for the Northern District of Florida for purposes of enforcement, interpretation, or challenge of this Agreement and/or the CONSENT PROTECTIVE ORDER.

_____          _____
Signature                                Date

_____
Name (printed)