IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STEPHEN TALBOT, et. al.,
    Plaintiffs,

vs.                                    Case No.  3:06CV378/MCR/MD

LAKEVIEW CENTER, INC.,
    Defendant.
_____

ORDER ON PLAINTIFFS' MOTION TO COMPEL

Before the court is plaintiffs' motion to compel discovery (doc. 56), to which defendant has responded (doc. 62).  This is an action brought pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et. seq.* by which plaintiffs, all former employees of defendant, seek compensation for overtime work.  Plaintiffs were all employed as "family services and foster home licensing counselors," (doc. 56), and contend that they were not "professionals" such as to have been exempted from the overtime requirements of the Act.  They have served discovery asking generally for defendant to identify the college degrees and major areas of study for many of its employees.  They contend that this information is relevant because the listed employees worked as family services or foster home counselors (like plaintiffs), and whether defendant required the same college degrees and major areas of study of the listed employees as it required of plaintiffs would tend to show whether defendant exercised "good faith" in determining that plaintiffs were professionals

**for FLSA purposes.**[1]

## DISCUSSION

To obtain the specific information they say they need, plaintiffs served their second set of interrogatories asking seven questions, the first four of which are at issue here.

**Interrogatory Nos. 1 and 3.**

At the heart of questions 1 and 3 is a list of defendant's employees. The "list" was attached to the second interrogatories, and is before the court at doc. 62, ex. 1. The list comprises ten pages and contains approximately 500 names. Questions 1 and 3 ask defendant, with respect to the names on the list, to (no. 1) "state all college degrees with majors," and (no. 3) state whether the individual passed certain required assessments, and when. Plaintiff contends that the questions seek relevant information because the list "is a listing of all persons employed in the position of Family Services Counselors in which all Plaintiffs, but Plaintiff Oakes, were employed by defendant." (Doc. 56, p. 5).

The latter claim is not correct on the record before this court. Exhibit 1 to doc. 62 contains a cover letter by which the list was sent to plaintiffs' counsel. The letter explains that the list complied with plaintiffs' counsel's request for all individuals who worked for defendant during a stated period as "clinical professionals" as that term is used on defendant's website. This court cannot equate "clinical professionals" with "family services or foster home counselors," and indeed defendant says that they are not the same. Rather, defendant says that the list contains some persons who are or were employed as family services counselors, but that the "vast majority" are managers, supervisors, administrators and other professionals. Thus, questions 1 and 3 are based in part on a false premise, so defendant will be required to answer the interrogatories in limited fashion, dealing

---

[1] According to the complaint, defendant is the Community Based Care entity licensed by the Florida Department of Children and Family Services to provide foster care and related services in this area.

*Case No: 3:06cv378/MCR/MD*

only with the persons who are, in fact, family services or foster home counselors. Defendant's relevance objection is discussed in the next section.

**Interrogatory question 2.**

Plaintiffs' second question asks for college degrees and majors for "each individual employed by you in the position of Foster Home Licensing Counselor" during a certain period.  Plaintiffs assert that how defendant treats employees who perform the same jobs that plaintiffs performed is relevant, because, for example, if all Foster Home Licensing Counselors are exempt, but some have lesser credentials than plaintiffs, defendant  is not exercising good faith in determining who is exempt and who is not.[2]

Defendant responds that this argument is based on a false legal premise.  It argues that, under FSLA regulations, the focus is only on the individual employee's job and credentials.  It cites *Stevins v. Provident Construction Co.*, 137 Fed.Appx. 198 (11th Cir. 2005) in support, noting that the court in *Stevins* focused on only the single employee's job.  That is hardly surprising, since there was only one employee's job at issue.  However, it appears that the trial court had heard evidence concerning other persons besides Mr. Stevins, because the appellate court quoted the trial court's finding that "*no* construction superintendent spent more than a minor period of time performing physical labor." 137 Fed.Appx. at 200 (internal quotations omitted).  This indicates that, for whatever reason, *other* construction superintendents' jobs were examined at trial.  While this is only somewhat instructive on the relevance issue, it does not support defendant's position  that the classification status of similarly situated employees is irrelevant.  Defendant has not offered any further authority (nor has the court found any directly on point), other than referring to the regulations, which quite naturally refer to "the employee"  when

---

[2]  The court is not impressed with plaintiffs' argument that plaintiff Roberts had only a degree in "Recreation," when Roberts testified that her degree was in Recreational Therapy, also called therapeutic recreation (doc. 62, ex. 14, p.8).

defining whether "an employee" meets the exemption requirement.  29 C.F.R. § 541.301(a).  None of this is helpful.

*Dybach v. State of Fla. Dept. of Corrections*, 942 F.2d 1562 (11th Cir. 1991), while not on point with regard to discovery, is instructive.  There the plaintiff worked as an adult probation officer.  Her employer (the state) contended that she was an exempt professional because she held a bachelor's degree in criminal justice and worked in that field.  However, at trial a personnel director testified that the position required a bachelor's degree *in any field*.  On this basis the court held that "the determinative factor is the job requirement and not the education in fact acquired by the employee."  942 F.2d at 1565.  On this reasoning, if plaintiffs here can prove that defendant hires people to work as family services or foster home counselors with lower credentials than plaintiffs have, they might show that the job requirement, which *Dybach* instructs is the determinative factor, can be any bachelor's degree (or something less),[3] not necessarily a specialized degree.

The rules relating to discovery are to be liberally construed, *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), and although the question is a close one, the court finds that for purposes of discovery, plaintiffs are entitled to compare their classifications and credentials with persons who had the same jobs and/or performed the same duties as they did.  Interrogatory no. 2 must be answered.

### Interrogatory No. 4.

Finally, plaintiffs have asked for the credentials of six specific individuals, who they say are or were family services counselors during the relevant period.  Defendant objected on the ground of relevance (among others, which the court overrules), but in its response also said that "most of the persons identified in Interrogatory No. 4 are not family services counselors . . . ."  (Doc. 62, p. 3, n. 2).

---

[3] This is not to imply that a college degree is the only relevant job requirement, since the regulations clearly encompass other training and experience

*Case No: 3:06cv378/MCR/MD*

Whether they are or are not is unknown to the court. If they are, they will be treated the same as in interrogatories 1 and 3, above.

Finally, since the court finds that plaintiffs are entitled to only a portion of what they have asked for, the following defines the parameters of the court's intent.

**It is ORDERED that within ten (10) days:**

1. As to Interrogatory Nos. 1 and 3, from the list attached as ex. 1 to doc. 62, defendant shall identify those persons who were employed as Family Services Counselors or Foster Home Licensing Counselors, and state their credentials, to include degrees, majors, additional specialized or on-the-job training and other qualifications that defendant contends meet the requirements for the job, and will further state whether the individual passed the Introduction to Child Protection written assessment and field based assessment, and whether he or she passed the assessments within one year of the date of hire.

2. Defendant shall answer Interrogatory No. 2.

3. As to Interrogatory No. 4, defendant shall identify which, if any, of the six listed persons were employed as Family Services Counselors or Foster Home Licensing Counselors, and state their credentials as defined in paragraph 1.

4. The court finds that this is one of those rare instances in which counsel have a good faith disagreement on the issues, and where the law is not settled. Therefore, sanctions will not be considered.

**DONE AND ORDERED at Pensacola, Florida this 16th day of August, 2007.**

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE