**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**STEPHEN TALBOT, et al.**

      **Plaintiffs,**

**v.**

                                                 **Case No.  3:06cv378/MCR/MD**

**LAKEVIEW CENTER, INC.,**

      **Defendant.**

      _____/

## ORDER AND NOTICE

      Pending is the motion for partial summary judgment filed by plaintiffs, for which an notice of advisement previously has been entered. (Docs. 105, 112). Defendant has now filed twenty-eight motions for summary or partial summary judgment, including some labeled as "ex parte motion[s] for summary judgment." (Docs. 121-127; 134; 137-141; 144-146; 149-151; 153-157; 160-162; and 176). Additionally, defendant has filed twenty-eight other items, including notices of filing exhibits, affidavits, etc., and supporting memoranda.

      Cursory review of defendant's motions reflects that the "ex parte" motions are improperly filed and identified. The filings are not motions but instead are lengthy exhibits which defendant evidently wishes to file under seal.[1] Rather than have counsel refile these extensive documents properly, the court shall direct the clerk to re-identify them on the

---

1 By the court's count, defendant's exhibits – both from the sealed and unsealed documents – total nearly four thousand (4000) pages.  In the future, if counsel wishes to file exhibits under seal he must first obtain leave of court.  As to the exhibits already filed in this case, absent objection from plaintiffs, the court shall permit the documents to remain sealed.

docket as exhibits.

The court shall take defendant's seven properly filed motion for summary judgment (docs. 121-127) under advisement on **February 15, 2008**.[2] Because the court does not contemplate scheduling a hearing on the motions, the parties are directed to file and serve affidavits and any other evidentiary materials authorized to be filed under the Federal Rules of Civil Procedure *before* the above date. Only those pleadings and evidentiary materials currently in the record or filed prior to the above date will be considered by the court in ruling on the motion for partial summary judgment.

A motion for summary judgment will result in a final judgment being entered for the moving party if the pleadings, depositions, answers to interrogatories, admissions, affidavits, and any other appropriate evidentiary materials filed in the record show that there is no genuine[1] issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56.

As a final matter, the court directs defendant to submit hard (i. e., paper) copies of its motions for summary judgment and all exhibits thereto, along with any other evidentiary materials it may wish to file, to the undersigned's chambers no later than the aforementioned advisement date of **February 15, 2008**. In submitting these copies, defendant shall prepare a single index identifying all of the exhibits and their page numbers (consistent with the page numbering currently shown in CM/ECF) and affix index tabs to each exhibit. Upon plaintiffs' timely filing any evidentiary materials as well as their response(s) to the motions for summary judgment they should also submit hard copies to chambers. Only if the total number of pages of exhibits filed by plaintiffs exceeds two hundred is an index or tabbing required.

The clerk shall reclassify the "ex-parte" motions (docs. 134; 137-141; 144–146; 149-151; 153-157; 160-162; and 176) as notices of filing exhibits, under seal. These

---

2 The response to a motion for summary judgment must be filed within the time prescribed by the Federal Rules of Civil Procedure and the Local Rules.

documents shall remain sealed unless the court directs otherwise.  To the extent that the documents are presently classified as motions, the motions shall be terminated.

DONE and ORDERED on this 31st day of January, 2008.

s/ *M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**