UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STEPHEN V. TALBOTT, JR.,
et al.,

    Plaintiffs,

vs.                                                CASE NO.: 3:06cv378/MCR/MD

LAKEVIEW CENTER, INC.,

    Defendant.
                                /

**O R D E R**

       This matter is before the court on plaintiffs' Motion to Set Mediation and Trial. (Doc. 225). A docket review of the history of this case reveals that by order dated October 23, 2006, this case was initially scheduled for trial on October 15, 2007. (Doc. 16). The parties were also referred to mediation under the October 23, 2006, order. Pursuant to extensions to the discovery schedule, the trial was continued to May 19, 2008. (Doc. 58). Following further extensions to the deadlines for discovery and for filing dispositive motions, the trial was again continued to September 15, 2008. (Doc. 118). The trial date was later continued and removed from the court's docket, with the trial to be set by separate order following the courts' ruling on the then pending dispositive motions.[1] (Doc. 221). At the request of the parties, mediation was also deferred until completion of dispositive motion proceedings. (Doc. 95). On September 30, 2008, the court entered its

---

[1] Upon its docket review, the court found no suggestion of an order dated February 12, 2008, setting this case for trial on the March 16, 2009, trial docket. Confirmation through the clerk's office indicates the electronic notice referenced in plaintiffs' motion was in fact generated when an order in a separate case was inadvertently entered on this case docket. The docket clerk subsequently deleted the erroneous entry without making a correcting docket entry. Counsel is reminded to refer to the actual document entered on the docket rather than rely on the abbreviated entry made by the docket clerk.

order denying defendant's summary judgment motions.  (Doc. 224).  Through clerical oversight, the matter was not referred for entry of an order regarding mediation and trial.  Therefore, the court will now refer the parties to complete mediation as previously directed and place this matter on the trial docket.

Accordingly, it is ORDERED:

1. Plaintiff's motion (doc. 225) is GRANTED.

2. The parties shall mediate this case in accordance with the terms set forth in the court's October 23, 2006, scheduling order.  Mediation in this case must be completed on or before **February 27, 2009**.  The mediator or parties shall file a report within 14 days thereafter indicating when mediation was conducted and the outcome of the mediation (that is, whether the matter was settled or impasse was declared).  If the matter is settled in full, notice to the court shall be immediate.

3. Trial is hereby set for the two-week trial period commencing on Monday, **April 20, 2009**.  Any party with a conflict during that trial period may file a notice to that effect within 14 days of the date of this order, and such notice will be given such consideration as may be appropriate.

**DONE and ORDERED** this 23rd day of December, 2008.

s/ *M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

Case No.: 3:06cv378/MCR/MD