**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

STEPHEN TALBOTT, JR., et al.,

    Plaintiffs,

v.                                            Case No. 3:06cv378/MCR/MD

LAKEVIEW CENTER, INC.,

    Defendant.
_____/

**O R D E R**

    By order dated September 30, 2008, the court denied plaintiffs' motion for partial summary judgment on the issues of defendant's liability and affirmative defenses and denied defendant's motions for summary judgment and partial summary judgment.  Trial in this matter is now scheduled for July 20, 2009.

    On March 25, 2009, the parties filed a report estimating the time necessary for trial and identifying several trial matters as to which they do not agree: plaintiffs believe the issues for trial include factual matters that require a jury trial, while defendant's position is that a judge trial is appropriate because only legal determinations—on certain limited issues—will be required.  In a motion related to the disagreement expressed in their trial report, plaintiffs have moved for clarification of the court's summary judgment order.  The court addresses the issues raised by the parties, as follows:

    1. The administrative exemption is not an issue for trial.  The court ruled on this issue in plaintiffs' favor as a matter of law on summary judgment.

    2. There are factual issues to be tried to a jury, including:

    a.  The number of hours per work week plaintiffs worked.

    b.  What plaintiffs' regular hourly rates and overtime rates were.

    c.  Whether defendant's violation, if any, of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., was willful.

Plaintiffs bear the burden of proof on the three issues above.

    d.  Whether defendant has established the applicability of the professional employee exemption, including that plaintiffs (1) performed work requiring advanced knowledge; (2) the advanced knowledge was in a field of science or learning; and (3) the advanced knowledge was customarily acquired by a prolonged course of specialized intellectual instruction.[1]

    e.  Whether defendant has established its entitlement to the "good faith" defense.

    3.  The issue of liquidated damages is for the court to decide, subject to the jury's determination of whether defendant's actions were willful.

Based on the foregoing clarifications and the parties' representations in their report, the court will set aside eight days for trial.  If there are any additional issues that require clarification, the parties should submit them by motion within twenty (20) days of the date of this order.  A written order will issue.[2]  As the court has previously informed the parties, no request or motion for reconsideration of the court's summary judgment order of September 30, 2008, will be permitted or considered.

Accordingly, it is ORDERED:

Plaintiffs' motion for clarification (doc. 248), is GRANTED, to the extent set forth above.

**DONE AND ORDERED** this 8th day of May, 2009.

                      *s/ M. Casey Rodgers*
                      **M. CASEY RODGERS**
                      **UNITED STATES DISTRICT JUDGE**

---

[1] The first of these three requirements clearly implicates a factual matter for a jury to decide.  At the pretrial conference scheduled for July 13, 2009, the court will discuss with the parties whether the second and third requirements should be determined by the jury or by the court.

[2] An attorney conference to discuss these issues will not be needed and thus will not be scheduled.