**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

STEPHEN TALBOTT, JR., et al.,

      Plaintiffs,

v.                                                      Case No. 3:06cv378/MCR/MD

LAKEVIEW CENTER, INC.,

      Defendant.

_____/

**O R D E R**

      Pending is defendant's Motion For Clarification of the court's summary judgment order, in which the court determined a factual question remained for the jury on whether plaintiffs' position was exempt under the learned professional exemption, 29 U.S.C. § 213(b).

      As a threshold matter, the court notes that defendant's motion for clarification is largely and essentially a motion for reconsideration of the court's summary judgment order, which the court previously advised would not be considered based on the timing of any such motion.[1] Considerations of judicial economy are not a sufficient basis on which the court can excuse a party's failure to timely present a motion for reconsideration of a prior court order. Defendant's recourse at this point is a motion for judgment as a matter of law at the close of plaintiff's case at trial. Notwithstanding, the court finds the present motion inaccurate as to its characterization of the court's summary judgment order. Contrary to defendant's suggestion, the court did not find in its order, nor was it apparent from the

---

[1] The court's summary judgment order was entered September 30, 2008.

undisputed record, that plaintiff's positions required *advanced* knowledge as a matter of fact.  This is an issue for trial.

Accordingly, to the extent it seeks clarification, defendant's motion (doc. 267) is GRANTED; to the extent it seeks reconsideration it is DENIED.[2]

**DONE AND ORDERED** this 17th day of June, 2009.

s/ *M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[2]  Defendant has also requested clarification of the court's use of the term "including" in the following sentence taken from the court's order on plaintiff's motion for clarification (doc. 261):

Whether defendant has established the applicability of the professional employee exemption, including that plaintiffs (1) performed work requiring advanced knowledge;(2) the advanced knowledge was in a field of science or learning; and (3) the advanced knowledge was customarily acquired by a prolonged course of specialized intellectualinstruction.

Defendant questions whether the court was somehow suggesting - without specifically identifying - additional factors defendant would have to establish at trial.  The answer is no.